**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| SAM LOUTFY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs | § | Case No: 2:18-CV-_____ |
| | § | Honorable: |
| | § | United States District Judge |
| CIGNA INSURANCE, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Sam Loutfy, by and through undersigned counsel, states the following for his Original Complaint against Defendant:

**JURISDICTION AND VENUE**

1. This Complaint contains claims arising under 28 U.S.C. Section 1332. All non-federal claims raised in this complaint are so related to the federal claim as to form part of the same case or controversy within the meaning of Article III to the United States Constitution so that this Court may exercise supplemental jurisdiction over the non-federal claims herein, pursuant to 28 U.S.C.§ 1332 and 28 U.S.C.§ 1367(b). The amount in controversy exceeds $75,000, plus interest, costs and attorney's fees.

2. Venue is proper, because a substantial part of the events giving rise to this action occurred in this judicial district; the matters, acts and or omissions asserted in this Complaint took place in this judicial district.

3. Plaintiff is a citizen and resident of the United States of America in the County of Collin, State of Texas.

4. Defendant CIGNA is an entity and insurance company authorized to conduct business in the State of Texas, with its principal place of business in Phoenix, Arizona. At all times relevant to this action, Defendant conducts continuous and systematic portions of its business in this judicial district.

## GENERAL ALLEGATIONS

5. Plaintiff Sam Loutfy has a policy of insurance with Cigna Insurance Company. Plaintiff's obtained insurance through his job at Accenture LLP, where he works as a senior principal, specializing in financial-planning and problem-solving. At all times relevant to this action, the insurance policy was in effect; all premiums were paid and current.

6. On or about January 3, 2018, Plaintiff timely reported to Cigna that Plaintiff was suffering from: debilitating noise sensitivity; tongue swelling and slurred speech; cognitive impairment; anxiety; fatigue; bilateral hyperacusis; and Lyme Disease. Disinterested treating physicians supported Plaintiff's claim for coverage.

7. The insurance policy provided, in part, that Plaintiff is eligible for short-term disability benefits because of an "illness injury or other medical condition" if he is unable to perform the material duties of Plaintiff's regular occupation.

8. Subsequently, on May 10, 2018, Defendant Cigna denied coverage for Plaintiff's claim for short-term disability insurance; Defendant Cigna has failed to provide benefits due under the policy, and has failed to tender any money to Plaintiff as full or partial payment of the claim.

9. Plaintiff's executive position requires extensive speech, cognition, calm, and exposure to reasonable office noise levels.

## COUNT I: BREACH OF CONTRACT

10. Plaintiff incorporates by reference paragraphs 1-9.

11. At all times relevant to this action, a contract of insurance existed between Defendant Cigna and Plaintiff.  Defendant Cigna issued a policy of insurance to Plaintiff Defendant Cigna promised to provide Plaintiff with health insurance and cover claims that arose out of the insurance contract. Defendant Cigna breached its obligations to Plaintiff.

12. At all times relevant to this action, Defendant had a duty of good faith—to act fairly and reasonably investigate Plaintiff's insurance claim.  Defendant has failed in its respective obligations to Plaintiff, causing Plaintiff incidental and consequential damages. Defendant's wrongful conduct includes: failing to provide coverage within

the timeframe provided by the Texas Insurance Code, after receiving cognizable proof of a claim under the policy; and pursuing wrongful defenses to Plaintiff's claims, in an attempt to avoid, delay, or compromise payment or coverage of Plaintiff's claim, when Defendant lacked sufficient evidence to do so.

Wherefore, Plaintiff requests the court to award damages in whatever amount Plaintiff is found to be entitled in excess of $75,000, plus interest, costs and attorney's fees.

### Count II: Bad Faith

13. Plaintiff incorporates by reference paragraphs 1-12.

14. At all times relevant to this action and contract of insurance existed between Defendant Cigna and Plaintiff. Defendant had a duty of good faith—to act fairly and reasonably investigate Plaintiff's insurance claim.

15. The insurance policy provided short-term disability benefits payable to the policy owner when the insured became ill.

16. Defendant Cigna promised to provide Plaintiff with health insurance and cover short-term disability claims that arose out of the insurance contract. Defendant Cigna breached its obligations to Plaintiff when the insurance company failed to provide the short-term disability benefits to the policy owner when the coverage was not debatable, under the circumstances.

17.   Defendant has failed in its respective obligations to Plaintiff, causing Plaintiff incidental and consequential damages.  The denial was in bad faith, as it ran contrary to the medical judgment of a disinterested treating physician.

Wherefore, Plaintiff requests the court to award damages in whatever amount Plaintiff is found to be entitled in excess of $75,000, plus interest, costs and attorney's fees.

I declare that the statements above are true to the best of my information, knowledge, and belief.

Dated: _____     /s/_____
                                                                SAM LOUTFY

### JURY DEMAND

Plaintiffs demand a trial by jury.

Respectfully submitted,

/s/ *Allison Folmar*

_____
By: Allison Folmar P60236
*Attorney for Plaintiff*
24901 Northwestern Hwy. Suite 612
Southfield, MI 48075
(313) 926-7220 (Business Cellular)
Email: allisonfolmargiv@aol.com

DATED: ___/___/2018